# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANA RIVAS,<br><br>                Plaintiff,<br>  vs.<br>NEW CENTURY MORTGAGE CORP.,<br>et al.,<br><br>                Defendants. | CASE NO. 09cv737 WQH (BLM)<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is Defendant Countrywide Home Loans's Motion to Dismiss the First Amended Complaint. (Doc. # 9).

## BACKGROUND

    This action concerns Plaintiff's mortgage. On April 10, 2009, Plaintiff initiated this action by filing her complaint. (Doc. # 1). On August 7, 2009, Defendant Countrywide Home Loans ("Countrywide") filed a motion to dismiss. (Doc. # 4). On September 4, 2009, Plaintiff filed her First Amended Complaint ("FAC") as of right. (Doc. # 6). The FAC alleges nine causes of action: (1) Violation of the Real Estate Settlement Procedures Act ("RESPA"), (2) Violation of the Truth In Lending Act ("TILA"), (3) Violation of California Civil Code § 1632, (4) Violation of California Business & Professions Code § 17200, (5) Negligent Misrepresentation, (6) Fraud, (7) Rescission, (8) Quasi Contract, and (9) Determination of

1  Validity of Lien. *Id.* at 1. On September 24, 2009, Countrywide filed its Motion to Dismiss
2  the First Amended Complaint. (Doc. # 9).

3  The FAC alleges Plaintiff is the owner of property at 3061-3603 Webster Avenue, San
4  Diego, California, 92113, APN 545-442-06-00. (Doc. # 6 at 2). The FAC alleges Defendant
5  San Diego County Real Estate Services ("SDCRES"), the broker, Defendant New Century
6  Mortgage Corporation ("New Century"), the originating lender, Countrywide, a mortgage
7  servicer, and American Service Company ("ASC"), a second mortgage servicer, were involved
8  in mortgage loans on Plaintiff's property. *Id.* The FAC alleges that there were two mortgages
9  on the property, both from New Century. *Id.* The FAC alleges that it is a "qualified written
10 request" which requires Defendants to provide certain information to Plaintiff. *Id.* at 2-3. The
11 FAC alleges all of the Defendants "have pursued a common course of conduct" to wrong the
12 Plaintiff. *Id.* at 4.

13 The FAC alleges Defendants "represented to Plaintiff that very favorable loans, loan
14 terms, and interest rates were available to her" and encouraged her to refinance her mortgage.
15 *Id.* at 5. The FAC alleges that Defendants "knew or intended that Plaintiff receive a worse
16 loan" which "produced a higher commission for them because it was at a higher interest rate
17 and subject to higher fees." *Id.* at 5-6. The FAC alleges the loan was less favorable to Plaintiff
18 than Defendants had stated it would be. *Id.* The FAC alleges Defendants violated state and
19 federal law by failing to disclose and misrepresenting terms of the loan and by failing to inform
20 defendant of her right to cancel the transaction. *Id.* The FAC alleges the TILA disclosure is
21 inconsistent with the loan documents. *Id.* at 6. The FAC alleges Plaintiff is a Spanish speaker
22 and was taken advantage of by Defendants, who failed to provide translated documents. *Id.*
23 The FAC alleges Plaintiff sent a qualified written request to Defendants and did not receive
24 a response. *Id.* at 7.

25 The FAC alleges Countrywide purchased the loans. *Id.* at 9. The FAC alleges proper
26 disclosures of the transfer were not given to Plaintiff. *Id.* The FAC alleges Defendants are
27 fiduciaries of Plaintiff and breached their fiduciary duty. *Id.* at 10. The FAC alleges these
28 damages include "monetary loss, medical expenses, emotional distress, [and] loss of

employment." *Id.* at 11. The FAC alleges Defendants have fraudulently concealed relevant facts from Plaintiff, and that Plaintiff is therefore entitled to equitable tolling.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## ANALYSIS

1. **RESPA Violations**

In support of the first cause of action for RESPA Violations, Plaintiff alleges Countrywide failed to respond to a qualified written request sent on or about May 15, 2008. (Doc. # 6 at 12). Plaintiff alleges Countrywide is a servicer pursuant to RESPA because Plaintiff made payments to Countrywide. *Id.* at 13. Plaintiff alleges Countrywide violated RESPA at the origination of the loan because there were inconsistencies in various loan documents. *Id.* Plaintiff alleges she sustained damages including "monetary loss, medical expenses, emotional distress, [and] loss of employment" as a result of Countrywide's RESPA violations. *Id.*

Countrywide contends Plaintiff's RESPA claim fails to state a claim because the purported qualified written request is not attached to the FAC, and because Plaintiff fails to allege facts which support her conclusion that the letter she sent meets the legal requirements for a qualified written request. (Doc. # 9 at 14-15). Countrywide contends that the allegations in the FAC which relate to the origination of the loan do not pertain to Countrywide, which later purchased the loan from the originator. *Id.* Countrywide further contends that a complaint itself cannot be a qualified written request. *Id.* at 15.

Plaintiff contends she has stated a claim for RESPA violations. (Doc. # 11 at 7). Plaintiff contends she sent a qualified written request for the first time on April 21, 2008, with two follow-up requests sent May 15, 2008, and November 3, 2008. *Id.* Plaintiff has attached the letters she allegedly sent to Countrywide to her opposition to the Motion to Dismiss. *Id.* at Ex. A. Plaintiff further contends the complaint itself is a qualified written request. *Id.*

The relevant provision of RESPA, 12 U.S.C. section 2605(e) provides:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period. 12 U.S.C. § 2605(e)(1)(A). A qualified written request must enable the servicer to identify the name and account of the borrower, and include a statement of the reasons for the belief of the borrower that the account is in error.

12 U.S.C. § 2605(e)(1)(B).

The FAC makes conclusory allegations that Plaintiff sent a qualified written request to Countrywide on a particular date. The alleged qualified written request is not attached to Plaintiff's FAC. The FAC referenced only one alleged request, sent May 15, 2008. The FAC does not describe the contents of the request with sufficient specificity to establish that it was a qualified written request pursuant to RESPA. The FAC does not state the address where Plaintiff's letter was mailed or any other details establishing that Countrywide should reasonably have received the request. The FAC alleges that the original loan documents violated RESPA, but fails to tie this alleged violation in any way to Countrywide, which was not the original lender.

Plaintiff's opposition to the motion to dismiss cites a different qualified written request than is referenced in her FAC and provides copies of the alleged requests to Defendants for the first time. Additional information contained in an opposition to a motion to dismiss does not cure the defects in Plaintiff's original pleading. Plaintiff's opposition also insists that the FAC itself serves as a qualified written request. However, even if a complaint can constitute a qualified written request, Plaintiff cannot plausibly allege that Countrywide failed to respond to her qualified written request in the same document that contains the alleged qualified written request. The Court concludes Plaintiff has failed to state a claim against Countrywide for violation of RESPA.

**2.   TILA Violations**

In support of the second cause of action for violation of TILA, Plaintiff alleges Countrywide miscalculated the amount which was financed, failed to provide loan documents in terms Plaintiff could understand, "deceptively presented" the interest rate to Plaintiff, and incorrectly calculated the APR. (Doc. # 6 at 14). Plaintiff alleges these violations of TILA "rendered the credit transaction null and void and invalidates Defendants' claimed interest in the subject property." *Id.* Plaintiff alleges Plaintiff alleges Defendants "fraudulently concealed" facts relevant to her complaint, which entitles her to equitable tolling. *Id.* at 14.

Countrywide contends Plaintiff's TILA claim is time barred and that she has failed to establish that she is entitled to equitable tolling. (Doc. # 9 at 15). Countrywide contends that

1  even if Plaintiff's claim were not time barred, she has failed to establish that Countrywide,
2  which was not the original lender, was sufficiently on notice of the alleged defects to hold
3  Countrywide liable for TILA violations. *Id.* at 16-17.

4  Plaintiff contends she has stated a TILA claim because she alleges her payments were
5  higher than she was told they would be and that she is entitled to equitable tolling because as
6  a Spanish speaker, she did not discover the misrepresentations immediately in the
7  English-language disclosure. (Doc. # 11 at 10-11).

8  Rescission claims under TILA "shall expire three years after the date of consummation
9  of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. §
10 1635(f). "Equitable tolling does not apply to rescission under this provision of TILA, because
11 §1635(f) completely extinguishes the right of rescission at the end of the 3-year period,' even
12 if the lender has never made the required disclosures." *Taylor v. Money Store*, 42 Fed. Appx.
13 932 (9th Cir. 2002) (quoting *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998)). Damages
14 claims under TILA must be brought "within one year from the date of the occurrence of the
15 violation." 15 U.S.C. § 1640(e). "[A]s a general rule the limitations period starts at the
16 consummation of the transaction." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).
17 "The district courts, however, can evaluate specific claims of fraudulent concealment and
18 equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the
19 [TILA] and adjust the limitations period accordingly." *Id.* Generally, a litigant seeking
20 equitable tolling of a limitations period bears the burden of establishing entitlement to
21 equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

22 Plaintiff claims the TILA violations occurred before she closed on her loan on February
23 26, 2006. (Doc. # 6 at 12). Plaintiff filed her original complaint on April 10, 2009, more than
24 three years after the alleged violations. Plaintiff's claim for rescission is time-barred and not
25 subject to equitable tolling.

26 Plaintiff's claim for damages is subject to equitable tolling, but Plaintiff has failed to
27 carry her burden to establish that she is entitled to tolling. The FAC does not allege sufficient
28 facts to support Plaintiff's contention that Countrywide "fraudulently concealed" information

from Plaintiff. The FAC does not explain when or how Plaintiff discovered the alleged TILA violations and does not state that Plaintiff could not reasonably have discovered the alleged TILA violations earlier.

Plaintiff contends she did not receive loan documents translated into Spanish and that her lack of English literacy entitles her to equitable tolling. However, Plaintiff has alleged the TILA violations were "apparent from the face of the documents." (Doc. # 6 at 14). The Court notes that Plaintiff had an English-speaking attorney as of April 2008 at the latest (see Doc. # 11, Ex. A). Plaintiff's own filings suggest she knew of the alleged TILA violation for more than a year before she filed this action. Plaintiff provides no justification for this delay. The Court concludes Plaintiff's TILA damages claim is also time barred.

**3.     State Law Claims**

The FAC alleges that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 by virtue of the TILA and RESPA claims. (Doc. # 6 at 4). The FAC does not allege that diversity jurisdiction exists. The FAC alleges this court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. *Id.* at 5.

The federal supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

   (1) the claim raises a novel or complex issue of State law,

   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

   (3) the district court has dismissed all claims over which it has original jurisdiction, or

   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Because the Court has dismissed all of the federal law claims against the moving Defendant, the Court declines to exercise supplemental jurisdiction over the state law

claims against the moving Defendant pursuant to 28 U.S.C. § 1367(c)(3). *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction."); *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (district courts not required to provide explanation when declining jurisdiction pursuant to 28 U.S.C. § 1367(c)(3)).

## CONCLUSION

IT IS HEREBY ORDERED that Defendant Countrywide Home Loans's Motion to Dismiss the First Amended Complaint (Doc. # 9) is **GRANTED**. The above captioned action is **DISMISSED** as to Defendant Countrywide Home Loans. If Plaintiff wishes to file an amended complaint, she must file a motion for leave to file a second amended complaint which attaches a copy of the proposed second amended complaint within 30 days of the date of this order.

DATED: January 20, 2010

*/s/ William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge